Argued September 15, affirmed October 5, 1960

## GILLESPIE *v.* MURPHY
### 355 P. 2d 723

*Charles S. Crookham,* Portland, argued the cause

for the appellant. With him on the brief were Duane Vergeer and Vergeer & Samuels, Portland.

*Arthur S. Vosburg,* Portland, argued the cause for the respondent. With him on the brief were Vosburg, Joss, Hedlund & Bosch, Portland.

Before McAllister, Chief Justice, Warner, Sloan, O'Connell and Howell, Justices.

SLOAN, J.

Plaintiff was awarded a verdict and judgment against defendant for damages for injuries sustained in an automobile collision between automobiles operated by the parties. Defendant appeals. Three of the assignments of error are directed at the failure of the trial court to direct a verdict, or related questions. The other assignment claims error for the failure of the court to give a requested instruction.

The accident in question occurred at about 4:00 a. m. at the intersection of N. E. Lombard Avenue and N. E. 60th Avenue in Portland. The streets intersect at right angles. The flow of traffic through the intersection is governed by a traffic light. Plaintiff alleged that she was proceeding in an easterly direction on Lombard and entered the intersection when the traffic light was green in her favor; that defendant entered the intersection against the red light from 60th Avenue proceeding in a northerly direction; that his car collided with the right rear portion of plaintiff's car.

Defendant denied the accident happened in the way described by plaintiff. He contended that he also approached the intersection on Lombard, going in a westerly direction. He testified that the accident was caused when plaintiff's car skidded into the traffic lane in which he was driving and that he could not

avoid colliding with plaintiff's car. The impact was a severe one. One of the ladies in plaintiff's car was killed.

Part of the evidence in favor of plaintiff was circumstantial. Neither plaintiff, nor another passenger who survived the accident, could recall how it happened. Both plaintiff and her witness testified that they proceeded into the intersection traveling in a straight line; that the car did not skid until after the impact. Neither of them saw the defendant's car approach; in fact, they did not remember seeing a car approach from any direction. However, the witness, who had been riding in the front seat of the car with plaintiff, testified that the impact was on the right side and just to the rear of where she was sitting. Evidence of damage to the plaintiff's car sustained the witness' testimony of the place of impact to plaintiff's car. There is little room for dispute that the front end of defendant's car struck the right rear side of plaintiff's car.

■ The case resolves itself then to a conflict: Did defendant enter the intersection on 60th Avenue or did the two cars collide because plaintiff's car skidded in front of defendant's car in the intersection? The issue was for the jury. The positive testimony of plaintiff and her witness that the plaintiff's car continued in a straight line and did not skid before the impact was in direct contradiction to defendant's testimony. That evidence was clear and direct, not circumstantial.

■ The only other assignment concerned the failure of the court to give one of defendant's instructions. The instruction requested would have told the jury to find for defendant if it found that defendant was

driving westerly on Lombard as defendant contended instead of north on 60th Avenue as plaintiff claimed. The instruction might have sharpened the issue for the jury, but the failure to give it was not prejudicial. The jury certainly knew that if it chose to believe defendant's testimony then plaintiff could not recover. The issues presented to the jury left no doubt as to the question to be decided. It was simply which party and their witnesses the jury chose to believe.

Affirmed.